The Honorable, the judges of the United States Court of Appeals for the 8th Circuit. Hear ye, hear ye, hear ye. United States Court of Appeals for the 8th Circuit is now in session. All persons having business before this Honorable Court may now draw near and they will be heard. God save the United States and this Honorable Court. Thank you very much. Good morning to Council. Good morning, Your Honor. My colleagues on the bench. Mr. Hodges, you may begin your argument. Thank you, Your Honor. I'm David Hodges and with permission of this Honorable Court, I represent Jim Dowden, who is the trustee in the bankruptcy of Hugh Hutchinson and the core issue that we have in case from my perception or perspective is that we have a fact issue because the judge granted summary judgment in favor of the insurance company and I want to talk at this point with the permission of the court about the facts that are uncontradicted in the record and it was March the 31st, 2017 and that he notified the insurance company of the accident on April 1, 2017. He was served with a complaint on May the 15th, 2017 and he called and had an extensive conversation with the representative of Cornerstone on the 17th. That's found in the record 992-1008 and the call on May the 17th was transcribed and it's in the record and the substance of the call was as follows and these are some of the things that were discussed by Mr. Hutchinson and the representative of Cornerstone. He advised him that he is being sued. He read a portion of the complaint that's found in the Addendum 23-24. The representative told Mr. Hutchinson that he would take or she would take note of the suit and that is reflected by the file that's part of the record. Mr. Hutchinson advised that they were suing him and used the word suing him and the representative indicated that the representative or would contact him and they never did. They did not ask him for the complaint and summons at that time and the representative of the insurance company said that if we need something we'll let you know. He offered to send the police report and the representative said no we'll let you know if you need anything and they never let him know anything that they needed and he quoted Mr. Hutchinson quoted the attorney on damages as part of the lawsuit. The procedural history of this case is that the district court allowed a breach of contract cause of action to go forward and granted summary judgment on bad and the court denied the summary judgment of Hugh Hutchinson and granted the summary judgment of Cornerstone. Mr. Hodges, clarify this fact for me did when Mr. Hutchinson made his call did he inform the insurance company that he had been served with summons? Yes your honor that was on May the 15th he was served with a summons and he called him on May the 17th two days later and that's the subject of the transcript. Well I understand he called him but he he he informed did he inform them at that time that he had actually been served with the summons? Yes I think the transcript would lead to that conclusion without any doubt your honor. Now I thought on the chief question I had thought that the record had shown that he said that there was a report and that they were threatening to sue him but that he hadn't actually said I'd received a summons and complaint thus far. Am I wrong about that? Well I think the conversation on May the 17th as the transcript will indicate that he told him he quoted portions of the complaints your honor and and he also told them the night that the suit was filed against him and they were suing him and I'm quoting from the transcript of that conversation and so I think it went beyond what the court may have indicated was the extent of the contact between them. So is your argument then that that somehow he when he when he reported that that that the the insurance company had a duty to tell him well you know your your insurance policy requires you to send in the complainant summons because I think it's undisputed here that the complainant summons was was not sent in in a timely fashion so I'm trying to understand even if that version is correct what the nature of your argument is. Well this he was he was assured by the representative that if they needed to send anything in that they would let him know what it is and contact him and they did not do that that's part of the estoppel and waiver arguments that we have but there's I don't think there's any dispute that he didn't send the summons and the complaint until it got to the insurance company at a later time but this May 17 conversation went in and quoted from the complaint and all the details that he had available to him and in response to the questions from the representative of the insurance company and so the standard of review is de novo and we asked the court to look at the denial of a summary judgment on the part of the plaintiff Hugh Hutchinson under this case that we cited. The district court said that a condition precedent was not followed in this case and they failed to send copies of the legal papers but we contend that this is a cooperation clause not a notice clause and that paragraph B in the policy is a cooperation clause and the we believe the law is that the defendant has the burden of proving it that it exercise reasonable diligence to secure the insurers cooperation and the lack of cases Geico Shelter and Aetna for that proposition and we also have discussed waiver and estoppel and we're not trying to extend coverage but we think that some of the conditions that they are interposing I have been waived by estoppel and waiver and that's what should be submitted to the jury and I have three minutes left and I will reserve that permission to report in addition to the two that I had. Thank you Mr. Hodges. Mr. Donovan. May it please the court. The principle of stare decisis is the foundation of our judicial system. It guides lawyers in their counseling of their clients. It guides lawyers in how they present and try their cases and it is the essential foundation on which the courts make decisions. There are two issues that must be satisfied here to affirm the district courts judgment. Number one was the requirement under the policy for sending in promptly legal papers when you're precedent and number two did Mr. Hutchinson strictly comply with that condition precedent. The law on this point on those two issues from the Arkansas courts and indeed from this court interpreting Arkansas law is very clear. It was a condition precedent and Mr. Hutchinson did not strictly comply. The law on this I believe was first crystallized by Judge Miller in the Western District of Arkansas in the 1950s in the Mullins decision where he collected all of the Arkansas cases and reached the conclusion that when coverage is conditioned on a notice provision and this is beyond a notice provision this is a requirement that legal papers be forwarded to the company that that constitutes a condition precedent under Arkansas law. He also concluded that the Arkansas law requires strict compliance. There are three critical decisions of this court which took the jurisprudence that Judge Miller laid out and articulated clearly what Arkansas law is on this point. The first case was decided in 2000, Kimbrel versus Union Standard, and that case made very clear that conditions in a policy which require the submission to the insurance company of the legal papers is a condition precedent. It also rejected in that case the waiver argument which the appellant presents here. It made clear that there cannot be a waiver unless it is a known relinquishment of a right and that was clearly not the case here. Let me pause for a moment in this discussion of the law to briefly go over the facts. I think that Mr. Hodges misstated them. Obviously the appellants focus on the May 17 telephone call. Mr. Hutchinson had been served. He calls and gets the Harmon Solution Group service. He never tells them in the context of that call that he has been served with a summons and complaint. The transcript reads, she is suing, and then he proceeds to read from what he characterizes as a report from the lawyer. He asks... Counsel, this is Judge Smith. In the parlance of a non-legally trained person, if someone says they're suing me, aren't they essentially communicating in the normal language of average people that I've been served with a summons? If they were legally trained, they might state it that way. But wouldn't an average person in describing the fact that they have received service of summons describe that as they are suing me? Perhaps. I mean, I think that is one reasonable interpretation for she is suing me. It's also a reasonable interpretation that he's received a demand letter from a lawyer. I think laypeople use suing in a variety of contexts, but he never informs that he's been served. More fundamentally, the policy requires that you promptly send the legal papers to the insurance company, and he did not do so. Well, Mr. Donovan, if I may interrupt. Yes, Ron. Suppose that he had sent the notice and everything, but had forgotten to include somebody's address, as the policy requires. At what point does the concept of literal compliance have to give yield to practical common sense? Well, the test is not literal compliance. It is strict compliance. I don't know if there's a difference between that or not. In other words, he gave them, in effect, he gave them a lot of numbers, policy numbers, this, that, and the other thing. He gave them everything, almost like his mother's maiden name. Which, as your insurance lawyer knows, that's one of the things you have to do when you call your brokerage company. What's your mother's middle name, and where did you get married? Yes, Your Honor. Can it reasonably be argued, well, I know what your answer is going to be, but you represent the insurance company. Can it reasonably be argued that you have to be strict in the requirements of your policy? And at what point must strict, the word strict, be given a real world definition? Well, we're dealing with contracts, and we're dealing with them in the context of decisions of this court, which analyzed the strict compliance requirement. And I think that's the only way you can do it. The decisions of this court, Kimbrel, but then of course, Judge Arnold's decision in the Fraley-Landers case, and then culminating in the American Railcar Industries case. In the American Railcar Industries case, Your Honor, there was all kinds of common sense indicators that the insured had given notice to the insurance company, telling them that a civil case had been filed, and informing them of the nature of the ongoing dispute. And those were sophisticated people. Here, of course, we have a requirement that you promptly send in the notices and legal papers that you've received. And simply using the word suing in a conversation does not comply with sending in, those promptly sending in the legal papers. Counsel, suppose though that there was a call made, and instead of the transcript we have before us, suppose that the transcript says, I have some legal papers sitting in front of me. It says summons on the top of it. And the insurance agent, the call center agent says, you know what, that's for later. Don't worry about that. If we need it, we'll ask you for it. Not necessary right now. Would that case be different? And if so, why is it materially different from this one? Certainly it would be different. We don't have that kind of communication here that would put the insurance company on notice that the insured was holding a summons and complaint. Here, Mr. Hutchinson refers to it as a report. He never refers to it as a legal complaint at summons. I think that you might have more legs to a estoppel or waiver argument if the insured actually said, I've been served with a summons and complaint and I'm looking at it now. I don't know. We're not in that case. But it doesn't obviate the requirement, the condition precedent under the policy that you promptly send in copies of the summons and complaint. And he did not do so. There is no dispute about that. I wanted to make one comment about the cooperation clause. Well, real quickly, I want to follow up on that. So your point then really is, is that even if the customer service rep had said that, it still wouldn't be strict compliance because he didn't forward the summons and complaint. Am I reading you correctly on that point? You are reading me correctly on that point. Yes, your honor. He would still have to promptly send in the summons and complaint. I would not want to argue that case before you if the call center had said, don't send us the summons and complaint. I think that's a different, that's a fact that we'd have to grapple with. That didn't occur here, quite obviously. Well, doesn't that bring us, isn't the elephant in the room, this statement by your company's own representative, but if you are required to send anything in, they'll let you know how to do it. No, your honor, I disagree with that. What did they, what did your company's representative or what did your company do to follow through on your company representative representation? Your honor, that was in purely in the context of the accident police report. He never mentioned sending in a report of the complaint. Mr. Hutchings? That's, that's, that's legalism writ large, I guess. So what gets us to the point of waiver, not waiver, no waiver, estoppel, at what point is your company estopped from claiming non, strict non-compliance? Well, I think Judge Strauss' scenario might be one where estoppel may have some application, but it can't in this context because there is no coverage under the policy if a condition precedent is not complied with and estoppel. Your honor, yes, but the purpose of estoppel is to bind, to seal your lips on the compliance. Once you've told your own insured, we'll let you know if you have to do anything more than you've already given us. But that's not what was said here, your honor. That was not the context of that, that comment. Now I assume without in any way demeaning the plaintiff in this case, he might be, take the layman's person of interpretation of what your company said to him. If we need anything, we'll let you know. And once you have said that, your company that is, why should they not be estopped from now saying, well, you didn't take us, you shouldn't have taken us at our word? Basically, that's what this comes down to. We told you that we'd let you know, but we haven't let you know. But don't come back and say we should have done what we promised we were going to do. Well, I'll let the record speak for itself about what was said in that context, but the fundamental legal principle is that estoppel cannot extend coverage. And if this is a condition, are we extending coverage? How much money did you send this man? I'm sorry, what, your honor? How much money did you send this person? You paid your limit, didn't you? Yes, your honor, the limits were paid. We're not asking you to pay your limits, we're asking you to, you should have come in and defended on the merits, which you were precluded from doing, as I understand, under Arkansas law. So I remember the trial judge was, in this case, just sort of rubber stamped, I guess, the plaintiff's demand for damages. Yes, I don't, we don't have the record of the basis for his judgment, but he awarded the judgment. I'm not sure how that relates to the, to the estoppel argument, your honor, but. In other words, if you're stopped from denying coverage, what more, you would have provided a better defense on the merits. You provided no defense on the merits, did you? Because you were, there was. The default took away defense on the merits, that's correct. So that's not extending coverage, it's extending the, or enforcing the obligation that you were under, under the terms of the contract. The duty to defend is greater than the duty to provide coverage, wouldn't you agree? I agree with that, yes, your honor, that duty to defend is broader than the duty to indemnify. My point is this, your honor, it is because there is a condition precedent to coverage, which was not complied with, applying estoppel would extend coverage where it does not exist. And I'm not getting into the distinction between defense and indemnity. The estoppel cannot be applied in that context because it would extend coverage under the policy, which is not there because the condition precedent was not complied with. And that is fundamental in all of the cases from this court on this issue. Well, there's, you spoke of Judge Arnold and I think I was with him, but I'm thinking about the other Judge Arnold, whom we, to his departure, we still lament. He once spoke to introductory class to our new law clerks. His principles of law is, one was the facts are more important than the law. And isn't this a case in which the facts are clearly more important than the doctrine of strict compliance? And you will say no, because you're representing a company, just like I did back in my benighted days in the practice when I represented insurance companies. I don't mean to be facetious about this, but it's an interesting case. It is. And I will say I also miss Judge Richard Arnold dearly. And I understand what he means. Thank you, Mr. Donovan. Thank you. Your Honor, I think the time allotted for all of this case has expired. I really don't have anything more to say, Your Honor, unless the court has a question. Well, it's up to you. You've got about three minutes left if you wanted to use it. It was your time, so you can use it if you desire, but you don't have to. I'm only, just two points I want to make. And one is that if you look at the transcript, I don't think the discussion about the report was the same as the papers. He said that he offered to send them a police report. That's when they said, no, if we need something, we'll let you know. And I think that's been discussed. And the key to the case, I believe, is what I started off by saying are the facts. And the facts are really undisputed. And Mr. Donovan says that I didn't state the facts correctly, but I think you can go back and look at the transcript and see what was said by each person in that conversation, and you'll see that the facts are paramount in this case, even beyond the law quoted by Mr. Donovan. Thank you. Thank you, Mr. Hodges. Court appreciates both counsel's argument to the court this morning, and we'll continue to review the briefing in the case and render a decision. Counsel may be excused. Thank you. Thank you. Thank you, Your Honors. Madam Clerk, would you call case number two for the morning? Next case for argument 20-2298, Western Arkansas, United States versus Denny Morris. Ms. Williams.